The Honorable Karen A. Overstreet
Chapter 11
Proposed hearing date: December 17, 2010 at 9:30 a.m.

Diana K. Carey
Daniel J. Bugbee
Karr Tuttle Campbell
1201 Third Avenue, Suite 2900
Seattle, WA 98101
(206) 223-1313
Attorneys for ISP Trading, LLC

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re )
) Case No. 10-21304 KAO
TERRANCE L. COSGROVE, )
) ISP TRADING, LLC'S EMERGENCY
Debtor. ) MOTION FOR APPOINTMENT OF A
) TRUSTEE OR FOR CONVERSION TO
) CHAPTER 7
)
)
_____ )

ISP Trading, LLC, through its attorneys, Karr Tuttle Campbell, hereby moves on shortened time that the court order the appointment of a chapter 11 trustee or in the alternative for conversion to chapter 7. This Motion is supported by the Declarations of George Walters and Mark Rosencrantz.

BACKGROUND

1. Terrance L. Cosgrove ("Cosgrove") filed for individual chapter 11 bankruptcy protection on September 23, 2010. He also caused to be filed a pro se chapter 7 bankruptcy

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT
OF A TRUSTEE - 1
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 1 of 8

petition for FMS, Inc., a Washington corporation solely owned by Cosgrove. Edmund J. Wood was duly appointed chapter 7 trustee. Cosgrove has been involved in the commercial fishing industry since at least 1978, when he started FMS, a management company.

2. ISP Trading, LLC ("ISP") is an Alaska limited liability company which has at all times done business in King County, Washington. SS Seafoods, which Cosgrove owns with two others, was ISP's manager. SS Seafoods, through Cosgrove, hired FMS to provide bookkeeping, accounting and other similar services to ISP. As part of providing such services, FMS had access to ISP's financial records and was authorized to write checks from ISP's financial accounts and engage in other financial transactions on ISP's behalf. From 2002-2009, FMS provided significant management services to ISP.

3. At the heart of Cosgrove's chapter 11 filing is a series of events related to ISP, which owned fishing vessels and fishing quotas until 2008 and 2009 when it disposed of those assets. ISP's membership interests are complicated; it is owned by Alaska Beauty Joint Venture, North Pacific Enterprises, and Ocean Olympic Fisheries, Inc. Those three companies are, in turn, owned by individuals (Cosgrove, Kim Hansen and Russell Moore) and/or by other entities, which are ultimately owned by one or more of Rick Alvarez, Cosgrove, Hansen, Moore and George Walters. Ultimately the parties' beneficial interests in ISP distill roughly to Terry Cosgrove and his former wife 34.8%, Russell Moore 31.6%, Kim Hansen 22.3%, George Walters 9.8%, and Rick Alvarez 1.5%. It is clear, therefore, that Cosgrove has a substantial controlling vote in ISP.

4. At the time the Cosgrove and FMS bankruptcies were filed, there was pending in King County Superior Court a complaint, *ISP Trading, LLC v. Terrance L. Cosgrove, SS Seafoods, and FMS, Inc.*, Case No. 10-2-22005-4 (the "State Court Action") alleging, *inter*

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT OF A TRUSTEE - 2
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 2 of 8

*alia*, that Cosgrove and FMS engaged in a pattern of theft and money laundering. ISP alleges that at the direction of Cosgrove, and without the knowledge of ISP's other owners, beginning in 2005 FMS transferred $3,097,156.53 via checks and electronic transfers from ISP's accounts to SS Seafoods. SS Seafoods then sent the money to FMS, and FMS distributed such monies as directed by Cosgrove. The monies were accounted for as management fee advances, in contravention of ISP's operating agreement.

5. ISP eventually learned of the theft and initiated an investigation. In the State Court Action, ISP presented evidence that Cosgrove admitted that he and FMS embezzled more than $3,000,000 from ISP. These matters are discussed more fully in the Plaintiff's Motion for Pre-Judgment Writ of Attachment and to Freeze Assets, which was set for hearing on September 28, 2010. A copy of that Motion is attached as Exhibit 1 to the Declaration of Mark Rosencrantz. Cosgrove's filing on September 23, 2010 halted ISP's motion for relief. A copy of the Order issued in the State Court Action on ISP's Motion is attached as Exhibit 2 to the Rosencrantz Declaration. The court could not enter the writ against Cosgrove because of the bankruptcy filing, but it did enter the prejudgement writ of attachment against FMS and its personal property.

6. Promptly upon the bankruptcy filing, ISP removed the State Court Action to Bankruptcy Court, Adversary No. 10-01633 in the FMS bankruptcy (Dkt #8), and Adversary No. 10-01632 in the Cosgrove bankruptcy (Dkt #40). These have now been consolidated before the Honorable Karen A. Overstreet. ISP also filed a proof of claim in the amount of $10.5 million (based on treble damages) which it seeks to have declared nondischargeable. ISP's claim far surpasses the other unsecured claims.

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT
OF A TRUSTEE - 3
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 3 of 8

7. <u>Events Since the Bankruptcy Filing/ ISP capital call</u>.

a. ISP owns 58 percent of North Barents Sea Fisheries LLC ("NBS"). NBS's principal asset is a commercial fishing vessel known as the F/V Spitsbergen, which is located in Norway. During a December 9, 2010 NBS members meeting, NBS advised its members, including ISP, that it requires capital contributions in the amount of $318,666.67 to enable its vessel to meet the current fishing season in Norway; otherwise a Norwegian court will arrest the vessel and sell it to pay the debts. ISP's share would thus be $184,826.66, requiring ISP in turn to raise that money from its own members. During the meeting, it was proposed that this new money that needed to be contributed would be the first money NBS paid out to its members from profits made from commercial fishing. Rather than agreeing with everyone else that NBS's members would make the required contributions to preserve NBS's ownership of the F/V Spitsbergen, Cosgrove insisted that ISP's members first meet separately to discuss the situation, and refused to disclose to the NBS members who are not also ISP members why an ISP meeting was needed.

b. NBS's members then adjourned their meeting, and ISP's members immediately commenced a meeting. During that meeting, Cosgrove first asked that the other members of ISP buy him out. ISP's other members reminded Cosgrove that they had attempted to do so on multiple occasions, most recently as part of trying to settle the State Court Action, but that Cosgrove had at the last minute backed out of a previously mediated settlement designed to accomplish just that . Cosgrove then informed ISP's other members that he would continue to block ISP from making its contribution to NBS unless and until ISP dismissed its claims against Cosgrove in the consolidated adversary proceeding. Cosgrove has the ability to block the contribution to NBS pursuant to provisions in ISP's Operating

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT
OF A TRUSTEE - 4
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 4 of 8

Agreement and in the Operating Agreement of another ISP Member, North Pacific Enterprises. The Operating Agreement of North Pacific Enterprises requires the unanimous vote of its members to approve a capital call that would be used to contribute funds to ISP. ISP's Operating Agreement requires a super majority (66.66 percent) of votes to approve a capital call to its members. Cosgrove's refusal to approve a capital call by North Pacific Enterprises necessarily results in ISP being unable to obtain the approval of 66.66% of its members for a capital call to fund its obligations to NBS.

      c.     Thus, Cosgrove is holding all other members of NBS hostage, and in the process putting all of their financial well-being at risk, solely out of spite over ISP's efforts to recover more than $3 million Cosgrove embezzled and stole from ISP. In Cosgrove's mind, apparently, his theft was justified, and unless ISP releases him from all liability from his wrongful acts, he is going to cause ISP and its other members additional financial harm, along with the other members of NBS, who have done nothing wrong.

8.    <u>Events Within the Chapter 11 Bankruptcy</u>.

      a.     The Debtor's original Statement of Financial Affairs, No. 10 (assets transferred not in the ordinary course of business, within two years of commencement of the case), reflected only one item, a transfer for options for purchase of 1.5 percent of SK Food Group Inc. to Peter Kirkman on September 22, 2010, the day before Cosgrove's bankruptcy filing. After queries by the U.S. Trustee's office at the Initial Debtor Interview, the Debtor amended his Statement of Financial Affairs on November 1, 2010 (Dkt # 44) to reflect the sales between September 24, 2008 to September 23, 2010, of seven luxury vehicles at a value of $100,500, a golf course membership, miscellaneous jewelry for $34,300, wine for $190,000, an interest in a ranch, and other valuable assets.

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT
OF A TRUSTEE - 5
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 5 of 8

b.　On December 7, 2010, Cosgrove's wife Theresa Cosgrove filed a proof of claim for $35,200 based on an oral "prenuptial" agreement, presumably for payments during their marriage.

　　　　c.　On November 29, 2010, the Debtor filed a motion (Dkt #59) for employment of a listing agent at 6 percent (after the fact) to sell property free and clear of liens. The amount of the debts secured by the property exceeds the value of the asset, and the closing is scheduled for December 31, 2010. Strangely, the contract for the sale is listed on Schedule G of the bankruptcy schedules as an "executory contract," which contract has not been assumed.

　　　　d.　Although the debtor has other substantial assets (see revised Exhibit B, Dkt #43), there is neither evidence of efforts to sell or liquidate nor to collect the outstanding notes receivable. Amended Exhibit B, which is the lists of assets, also reflects that the Debtor failed to disclose on his original schedules other assets including cash assets of "$101,800 Union Bank."

　　9.　On information and belief, The Office of the U.S. Trustee supports the motion for appointment of a trustee.

## AUTHORITY

11 U.S.C. § 1104 provides for the appointment of a trustee. Broadly speaking, it allows bankruptcy courts discretion to order the appointment of a private trustee (a) for cause, such as where there has been malfeasance such as fraud or gross mismanagement on the part of the debtor; or (b) the appointment would be in the best interest of the creditors and the estate. ISP asserts that a trustee should be appointed both for cause, as well as being in the best interest of creditors.

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT
OF A TRUSTEE - 6
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7700**

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 6 of 8

Taken at face value, the allegations in the State Court Action, now set forth in the removed adversary actions, reflect a long-standing pattern of fraud and mismanagement by Cosgrove. There are a number of actions both before and after the bankruptcy that require further investigation by a trustee. The sale of the house alone bears further investigation, as this is a sale that will net nothing to the estate and appears to be primarily for the benefit of the listing agent, plus it will incur fees that required to be paid to the U.S. Trustee. The claim of Cosgrove's wife Theresa Cosgrove appears to be for payments due <u>during the marriage</u>, a claim which should be explored as to whether it is appropriate or not.

In August 2010, ISP was in mediation with Cosgrove/FMS through Lou Peterson of Hillis Clark Martin & Peterson. Certain assets and transfers in the pre-petition period were not disclosed to ISP, although requested in discovery. These were only discovered in the recent filing of the amended Schedule B. It appears, for example, from Banner Bank's proof of claim that it loaned $300,000 to Cosgrove on June 1, 2010, with a maturity date of September 1, 2010. This was not disclosed to ISP. Where did this money go? Cosgrove turned his pockets inside out at the mediation and professed to have nothing other than the SK Food option. Cosgrove has not explained what he did what that money – it certainly appears that at least some of that money should be recovered, as it may have been used to repay creditors in preferential ways.

The facts both pre- and post- petition militate toward appointment of a chapter 11 trustee. Cosgrove to date has been unwilling to liquidate assets for the benefit of his creditors, has either concealed or at least failed to list assets and only brought them to light when questioned, and has hampered its largest creditor (ISP) in authorizing a capital call that is essential to ISP's financial welfare, and that of others. Should the court not appoint a trustee,

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT
OF A TRUSTEE - 7
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 7 of 8

ISP requests alternative relief, including (a) requiring Cosgrove to authorize the ISP capital call and/or put forth his portion of the required contribution; (b) appoint an examiner to explore these facts further; or (c) conversion to chapter 7, so that a trustee can liquidate assets, as appropriate.

A proposed order is attached.

DATED this 14th day of December 2010.

/s/ Diana K Carey
Diana K. Carey, WSBA #16239
Daniel J. Bugbee, WSBA #42412
Of Karr Tuttle Campbell
Attorneys for ISP Trading, LLC

ISP TRADING'S EMERGENCY MOTION FOR APPOINTMENT OF A TRUSTEE - 8
#780634 v1 / 40575-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

Case 10-21304-KAO    Doc 71    Filed 12/14/10    Ent. 12/14/10 17:34:50    Pg. 8 of 8